BLOOMER v. MATSON.  See Case No. 18,-242.

BLOOMER v. MILLIGAN.  See Case No. 18,-242.

BLOOMER v. ROSS.  See Case No. 18,-242.

## Case No. 18,243.

### BOUKER v. The DELAWARE.[1]

District Court, S. D. New York.  Jan. 31, 1878.[2]

COLLISION — FERRYBOAT WITH SCOW — CHANGE OF COURSE.

[Where a ferryboat laden with passengers changed her course to avoid being run into by a sloop which had missed stays, and, in consequence of such change, collided with a scow, held, that she was free from fault, it appearing that she reversed as soon as it was perceived that the change of course involved risk of striking the scow, and that a collision with the sloop would probably have been disastrous.]

[This was a libel by John A. Bouker against the steam ferryboat Delaware to recover damages resulting from a collision with libelant's scow.]

Beebe, Wilcox & Hobbs, for libelant.
Shipman, Barlow, Larocque & McFarland, for claimant.

BLATCHFORD, District Judge.  I am of opinion that the Delaware has freed herself from the charge of fault in this case. The collision took place on the 4th of September, 1873. The statute in force at that time contained, in the shape of a formulated rule, what was before recognized as a principle of navigation and of decision, namely, that, in obeying and construing rules and regulations for preventing collisions on the water, due regard must be had "to any special circumstances which may exist in any particular case" rendering a departure from such rules "necessary in order to avoid immediate danger." Act April 29, 1864, art. 19; 13 Stat. 61. The faults alleged against the Delaware are that she changed her course and ran against the scow, and that she did not stop and reverse in time to avoid a collision. The evidence shows that the Delaware changed her course to avoid being run into by a

1 [Not previously reported.]
2 [Reversed in Case No. 18,244.]

sloop which had missed stays, and under the impending danger of a collision with the sloop, which would probably have been disastrous to the Delaware, laden as she was with passengers; that she stopped and reversed immediately as soon as it appeared that such necessary change of her course would cause her to approach towards the scow; that she had reason to believe her headway would be stopped before she would reach the scow, inasmuch as the scow was moving away from her; that her change of course to avoid the sloop was necessary in order to avoid immediate danger; and that she was not guilty of anything which can be imputed to her as a fault under the special circumstances of the case.

I do not think the facts of this case bring it within the principle of Sherman v. Mott [Case No. 12,767]. The act of the Delaware, in endeavoring to avoid the sloop, was a lawful and proper act, she had no intention of striking the scow, the situation did not indicate serious risk of collision with the scow, and she exercised reasonable care and caution and nautical skill. The case is very much like that of The Thornley, 7 Jur. 659. The Thornley was forging with the wind and the tide over the Nore Sand, and was approaching the Mentor, which was at anchor on the other side. She went over the Sand, and fouled the Mentor. It was claimed that she should have anchored either before she reached the Sand, or on the Sand, or after she had crossed it. It was shown that it would have been perilous for the Thornley to anchor on the Sand. Dr. Lushington stated the question to be whether the Thornley could have anchored so as to avoid the collision "without imminent risk to herself in doing so." The decision was that the collision was accidental, because the Thornley could not anchor until clear of the Sand, and because, if she had anchored immediately on being clear, the collision would still have occurred. The libel is dismissed, with costs.

[Reversed by circuit court in Case No. 18,244.]